UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONICA CLEMENS,

        Plaintiff,

        v.

J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC., *et al.*,

        Defendants.
_____/

No. C-09-3365 EMC

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

**(Docket Nos. 59, 61)**

Plaintiff Monica Clemens filed suit against Defendants JPMorgan Chase Bank, N.A. and First American Title ("FAT"), alleging violations of, *inter alia*, the federal Truth in Lending Act ("TILA") and California Business & Professions Code § 17200. Both Defendants moved to dismiss the complaint, and this Court granted the motions on December 1, 2009. *See* Docket No. 55 (order). In the same order, the Court gave Ms. Clemens leave to amend her TILA and § 17200 claims within thirty days – *i.e.*, until December 31, 2009. No amended complaint was filed by Ms. Clemens. Accordingly, JPMorgan and FAT have both moved for dismissal. Having considered the briefs and accompanying submissions, as well as the oral argument of counsel and Ms. Clemens, proceeding pro se, the Court hereby **GRANTS** both motions to dismiss.

## I. DISCUSSION

A.     <u>JPMorgan's Motion to Dismiss</u>

A hearing on JPMorgan's motion to dismiss was held on February 24, 2010. Prior to the hearing, Ms. Clemens did not file any opposition to JPMorgan's motion. Moreover, at the hearing,

she presented no substantive opposition to the motion to dismiss. In her case management conference statement, Ms. Clemens also indicated she would not file an opposition. Thus, JPMorgan's motion is unopposed.

In light of the nonopposition, the Court grants JPMorgan's motion to dismiss. The Court also notes that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 42(b). That rule provides in relevant part as follows:

> If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 42(b). Under Ninth Circuit law,

> [i]n determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In the instant case, the first three factors weigh in favor of dismissal, and the fourth against dismissal. As for the last factor, under the circumstances of this case, it also weighs in favor of dismissal. Although one less drastic alternative would be issuance of an order making clear that a failure to file an amended complaint will result in dismissal, *see id.* at 1261-62 (noting that "our decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement" and that, in case under consideration, the district court went out of its way to assist the pro se litigant – *e.g.*, giving him "two opportunities to amend his complaint (each time expressly warning him that failure to timely amend would result in dismissal)"), here that alternative is effectively pointless given Ms. Clemens's expressed lack of opposition. The Court notes in response to questions at the hearing, Ms. Clemens stated she had consulted with the Legal Help Center for pro se litigants. Ms. Clemens has been given reasonable opportunity to respond to this Court's order of dismissal. The Court

further notes that in *Yourish v. California Amplifier*, 191 F.3d 983 (9th Cir. 1999), the Ninth Circuit upheld a dismissal under Rule 41(b) where the plaintiff failed to file an amended complaint even though the fifth factor above weighed against dismissal. The court explained:

> Because we have found that [the first] three factors strongly favor dismissal, we feel that the district court did not abuse its discretion in dismissing Plaintiffs' case for failing to amend in a timely fashion. Although dismissal was harsh, we do not have a "definite and firm conviction" that the district court "committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."

*Id.* at 992.

Accordingly, JPMorgan's motion to dismiss is granted.

B. FAT's Motion to Dismiss

FAT's motion to dismiss, which has been set for hearing on March 17, 2010, is based on the same grounds as JPMorgan's motion to dismiss. At the hearing on JPMorgan's motion, Ms. Clemens indicated that she would not be filing an opposition to FAT's motion. Therefore, for the same reasons discussed above, FAT's motion to dismiss is also granted.

## II. CONCLUSION

For the foregoing reasons, both JPMorgan and FAT's motions to dismiss are granted, and the hearing on FAC's motion to dismiss is hereby **VACATED**.

The Clerk of the Court is instructed to enter a final judgment and close the file in this case.

This order disposes of Docket Nos. 59 and 61.

IT IS SO ORDERED.

Dated: February 24, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONICA CLEMENS,

        Plaintiff,

    v.

J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC., *et al.*,

        Defendants.
_____/

No. C-09-3365 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Monica Clemens
101 Anza Vista
San Francisco, CA 94115
415/271-6990
carealestate007@yahoo.com

Dated: February 24, 2010                    RICHARD W. WIEKING, CLERK

                                                By:         /s/
                                                          Leni Doyle
                                                        Deputy Clerk